JUDGE SULLIVAN

11 CIV 4434

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
VICTOR LIRANZO and MAFALDA COLLADO
                              Plaintiff,

                    -against-

CITY OF NEW YORK, DETECTIVE MICHAEL
PEREZ TAX REG. NO. 921671and
UNIDENTIFIED NEW YORK CITY POLICE
OFFICERS, EMPLOYEES AND AGENTS

                              Defendant(s).
---------------------------------------------------------X

**COMPLAINT**



**JURY TRIAL DEMANDED**

     The plaintiffs complaining of the defendants, by his attorney, DARMIN T. BACHU.

ESQ., respectfully shows to this Court and alleges:

## JURISDICTION

1     Jurisdiction is founded upon the existence of a Federal Question.

2     This is an action to redress the deprivation under color of statute, ordinance, regulation, custom,

or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth

Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3     Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

4     Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (1 & 2).

## PARTIES

5     The plaintiff, VICTOR LIRANZO  is a resident of the County of Queens in the City and State of

New York and is a Hispanic male.

6     The plaintiff MAFALDA COLLADO is a resident of the County of Queens in the City and State of

New York and is a Hispanic female.

1

7       Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant defendants DETECTIVE MICHAEL PEREZ TAX REG. NO. 921671 and UNIDENTIFIED POLICE OFFICERS, EMPLOYEES and AGENTS were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

8       Upon information and belief, that at all times hereinafter mentioned, defendants were employed by the defendant, NYC, as members of its police department.

9       Upon information and belief, that at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

10      The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

11      This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly thes Civil Rights Act, Title 42 of the United States Code, Section 1983.

12      Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.


**STATEMENT OF FACTS**

2

13.  That on or about April 24, 2010, a search warrant was executed to search the first floor and basement of 108-28 37 Avenue Corona, New York.

14.  That on or about April 24, 2010 at approximately 9:30 a.m. plaintiffs were arrested along with approximately 32 other individuals.

15.  At the time of her arrest, plaintiff MAFALDA COLLADO was working in the restaurant on the first floor and was behind the restaurant bar.

16.  At the time of his arrest, VICTOR LIRANZO was in the basement apartment where he resided with his spouse MAFALDA COLLADO and was placed under arrest after the police broke down his door.

17.  Plaintiffs VICTOR LIRANZO and MAFALDA COLLADO were falsely charged by defendants with criminal sale of a controlled substance and marijuana and indicted by a Grand Jury.

18.  Plaintiff VICTOR LIRANZO was detained for approximately eleven days up until on or about May 5, 2010 when he was released upon the posting of $100,000.00 bail.

19.  Plaintiff MAFALDA COLLADO was detained for approximately forty-one days up until on or about June 4, 2010 when she was released upon the posting of $50,000.00 bail.

20.  While Plaintiffs were incarcerated, their residence was subjected to an unreasonable and unlawful search which resulted in extensive damage to the premises and their personal property.

21.  The unreasonable and unlawful search of plaintiffs' residence by defendants resulted in extensive damage to the walls, ceiling, flooring, carpeting and bathroom fixtures of the residence.

22.  The unreasonable and unlawful search of the plaintiffs' residence conducted by defendants resulted in total damage to items of clothing and electronic equipment belonging to plaintiffs located inside the residence.

23.  The unreasonable and unlawful search of the plaintiffs' residence resulted in the loss of personal

property  including cash amounting to $21,500, jewelry , perfumes and cosmetic products.

24.   Defendants have never made any accounting of these lost items..

25.   The Grand Jury Indictment of plaintiffs VICTOR LIRANZO and MAFALDA COLLADO was

dismissed in a February 18, 2011 decision by Judge Jeffrey Lebowitz..

26.   Judge Lebowitz found  the evidence legally insufficient to establish the commission by  VICTOR

LIRANZO and MAFALDA COLLADO  of the offenses charged in the indictment.

27.   Plaintiffs were forced to make multiple court appearances until their case was dismissed  and  sealed

on or about March 14, 2011..

28.   By reason of the unlawful search and damage to their basement apartment, plaintiffs have been forced

to incur expenses for renting an apartment up until the present.


**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS
VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT
FALSE ARREST**

29  Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior  paragraphs

with the same force and effect as is more fully and at length set forth herein

30  The plaintiffs' rights have been violated under the Fourth Amendment of the United States

Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. §

1983, in that plaintiffs were subjected  to being falsely arrested by the defendants

31.  The defendants confined the plaintiffs, in that plaintiffs were not free to leave, defendants

intended to   confine plaintiffs, plaintiffs were conscious of confinement, plaintiffs did not

consent to confinement and confinement was not otherwise privileged

4

32. .As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution, being more particularly, plaintiffs' right to be free from arrest without probable cause.

33. The false arrest of the plaintiffs was caused by the defendants, without legal justification, without authority of law and without any reasonable cause or belief that the plaintiff was in fact guilty of crimes.

34. The various defendants who knew of the false arrest and allowed the illegal detention of the plaintiffs to commence and/or continue, are liable to the plaintiffs via their failure to act pursuant to their affirmative duty to intervene.

35. By reason of their false arrest, plaintiffs were subjected to pecuniary harms, lost employment opportunities, plaintiffs were forced to appear in court, plaintiffs spent time in jail, plaintiffs were prevented from conducting their normal affairs of business, plaintiffs were searched, handcuffed, strip searched and and were subjected to numerous other harms.

36. That defendants who are supervisors within the NYPD who knew of the false arrest and continued to allow and/or participate and/or cause the arrest of the plaintiffs and who either directly participated in the violation of plaintiffs' rights or who after learning of the violation, failed to remedy the wrong, are liable to the plaintiffs for the violation of their rights pursuant to the Fourth Amendment and via the principle of supervisor liability.

37. By reason of the aforesaid, the plaintiffs are entitled to compensatory damages in a sum to be determined at trial, he is entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT MALICIOUS PROSECUTION

38. Plaintiffs repeat, reiterateand realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

39. Plaintiffs'rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C.§1983, in that the plaintiffs were maliciously prosecuted by the defendants.

40. The malicious prosecution was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against the plaintiff, the proceedings terminated in favor of the plaintiff via a dismissal upon a decision of Judge Jeffrey Lebowitz and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiffs' rights.

41. By reason of the unlawful malicious prosecution, the plaintiffs were subjected to pecuniary harms, great indignities, humiliation, anxiety, were forced to spend respectively eleven and forty-one days in jail, post exorbitant bail, make numerous court appearances, lost employment opportunities, were subjected to the indignity of a stripsearch, were separated from their families, prevented from travelling and subjected to numerous other harms.

6

42. By reason of the aforesaid, the plaintiffs are entitled to compensatory damages in a sum to be determined at trial, they are entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

**AS AND FOR A THIRD  CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFFS**
**VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO**
**42 U.S.C. § 1983 AND THE FOURTH AMENDMENT**
**BY AN UNREASONABLE ENTRY, SEARCH AND SEIZURE**

43. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

44. That the plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C.§1983, in that the plaintiffs  were subjected to an unreasonable entry, search and seizure.

45. That there was no legitimate reason for the defendants to obtain a warrant to enter plaintiffs' basement apartment.

46. That the warrant was obtained by false information.

47. That the search and the entry into plaintiffs' apartment was conducted unreasonably.

48. That  due to the unreasonable entry, search and seizure of their dwelling,  plaintiffs  have suffered extensive financial and emotional harms due to the total destruction of their premises..

49. That due to the unreasonable entry, search and seizure of their dwelling. Plaintiffs have suffered extensive financial and emotional harms due to the destruction and loss of their personal property including the sum of $21,500 in cash.

50. By reason of the aforesaid, the plaintiffs are entitled to compensatory damages in a sum to be

determined at trial,.they are entitled to an award of punitive damages and attorneys' fees are

appropriate pursuant to 42 U.S.C. section 1988.


### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS
### BY THE CITY OF NEW YORK,
### i.e., MONELL CLAIM

51. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs

with the same force and effect as is more fully and at length set forth herein.

52. The plaintiffs' rights have been violated under the Fourth Amendment to the United States

Constitution as made applicable to the states via the Fourteenth Amendment by the defendant,

NYC.

53. Defendants NYC as well as unidentified police officers who were supervisors and final decision

makers as a matter of policy and practice, have with deliberate indifference failed to properly

train, discipline, sanction and retrain police officers, despite their knowledge of the recurring

problem of officers bringing false charges, and that there has been no meaningful attempt on the

part of NYC to investigate or forestall further incidents.

54. The NYPD as a *de facto* policy and practice fails to take disciplinary action against members of

the NYPD who are dishonest in swearing to facts resulting in false arrests and malicious

prosecutions and unreasonable search warrants.


55. Despite being often alerted to the recurring aforementioned problems, the NYPD has remained

deliberately indifferent to said problem and in so doing encouraged its officers to persist in their

illegal, unconstitutional behavior.

56. By reason of the aforementioned, the plaintiffs VICTOR LIRANZO and MAFALDA COLLADO were subjected to pecuniary harms, great indignities, humiliation, anxiety,  forced to be detained respectively for eleven days and forty one days  as well as being forced to make numerous forced court appearances, plaintiffs lost employment opportunities, were prevented from traveling, forced to pay attorney fees, had their residence destroyed, had personal property destroyed  and taken without any accounting including cash in the amount of $21,500 and were subjected to numerous other harms.

57. By reason of the aforesaid, the plaintiff is entitled to compensatory damages in a sum to be determined at trial and that an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

WHEREFORE, plaintiffs demand judgment against the defendants in compensatory and punitive damages in sums to be determined at trial on the First Cause of Action; in compensatory and punitive damages in sums to be determined at trial on the Second Cause of Action;  in compensatory and punitive damages in a sum to be determined at trial on the Third Cause of Action and in compensatory and punitive damages in a sum to be determined at trial  on the Fourth Cause of Action  along with reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 on all plaintiff's causes of action together with costs and disbursements of this action; a trial by jury of all issues alleged in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: June 21, 2011

Queens, New York

DARMIN T. BACHU, ESQ  (DB- 5392)
Attorney for Plaintiff
87-46 Van Wyck Expwy
Kew Gardens, N.Y. 11418


To:    Michael Cardozo
       Corporation Counsel City of New York
       100 Church Street
       New York, New York 10007